J-S16025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE EUGENE EBERSOLE, JR., | |
| Appellant | No. 1843 MDA 2014 |

Appeal from the PCRA Order of October 17, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001490-2010

BEFORE:   PANELLA, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                              **FILED MAY 06, 2015**

Appellant, Wayne Eugene Ebersole, Jr., appeals from the order entered on October 17, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. 9541-9546.  We affirm.

The trial court summarized the facts of this case as follows:

> On December 3, 2009, Pennsylvania State Police troopers executed a warrant to search [Appellant's] residen[ce] in Fort Loudon.  They believed that [Appellant] had traded an electric scooter or wheelchair to William "Roy" Myers in exchange for a Tikka .243 caliber rifle.  [Appellant] could not then (and cannot now) legally possess firearms.
>
> Inside the home, Trooper Eric Guyer found an orange gun-carrying case with a nametag for "William Myers" in the dining/kitchen area.  In a gun cabinet in the master bedroom, troopers found the Tikka .243 rifle and a Western Auto Revelation .30-30 rifle.  As part of the investigation, Trooper David Rush discovered that [Appellant] was convicted in 1994 of a felony under the Controlled

Substances, Drug, Device and Cosmetic Act. [Appellant] later made a tape-recorded, inculpatory statement to police.

[In his statement to police, Appellant] claimed that the two rifles [belonged to] his stepfather, Rick Bell[]. [Appellant] said that Bell kept the rifles at [Appellant's] Fort Loudon house because Bell hunted in the area. (Bell was deceased at the time of trial.) [Appellant] said he lived primarily in Washington, DC … and not in Fort Loudon. He contended that he incriminated himself because police told him that the charges would be dismissed. [Appellant] managed to so testify on direct over repeated objection by the Commonwealth. On cross-examination, [Appellant] admitted that his tape-recorded statements contained no such promise from State Police. When confronted with the recording, he claimed under cross-examination that his self-incriminatory statements were false.

After deliberating for 19 minutes, the jury found [Appellant] guilty [of persons not to possess a firearm, 18 Pa.C.S.A. § 6105.].

PCRA Court Opinion, 10/17/2014, at 1-2 (record citations and footnote omitted).

Procedurally, the case progressed as follows. On January 25, 2012, the trial court sentenced Appellant to 56 to 112 months of incarceration. Appellant did not file post-sentence motions or an appeal. On March 16, 2012, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition on August 29, 2012. Following an evidentiary hearing, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Ultimately, Appellant raised two alleged trial court evidentiary errors, the trial court denied relief, and this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Ebersole***, 87 A.3d 382 (Pa. Super. 2013) (unpublished memorandum). The Pennsylvania

- 2 -

Supreme Court denied further review. *Commonwealth v. Ebersole*, 87 A.3d 814 (Pa. 2014).

Appellant filed his current PCRA petition on August 8, 2014. The PCRA court decided the claims as submitted on briefs filed by both Appellant and the Commonwealth. The PCRA court entered an order, and accompanying opinion, on October 17, 2014 denying Appellant relief. This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

1. Did the trial court err in dismissing Appellant's [petition] for [PCRA] relief where trial counsel was ineffective for [failing to assert a] relevance objection to Commonwealth testimony involving the contents of a search warrant application whereby allowing information that was unnecessary, confusing, incriminating, and prejudicial to be provided to the jury – including but not limited to 1) out-of-court statements involving John Jarrett and William Roy Meyers, 2) beliefs of individuals including the officer, 3) statements regarding "probable cause," and 4) the approval of the search warrant application by a Magisterial District Court Judge – which likely altered the outcome of the trial to the detriment of Appellant entitling Appellant to a new trial?

2. In the alternative, did the trial court err in dismissing Appellant's motion for [PCRA] relief where trial counsel was ineffective for failing to request a cautionary

---

[1] Appellant filed a notice of appeal on October 30, 2014. On October 31, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on November 7, 2014. On November 12, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a), relying largely on its prior decision issued on October 17, 2014.

statement in relation to confusing, incriminating, and prejudicial testimony regarding the contents of a search warrant application – including but not limited to the significance and correct application of 1) out-of-court statements involving John Jarrett and William Roy Meyers, 2) beliefs of individuals including the officer, 3) statements regarding "probable cause," and 4) the approval of the search warrant application by a Magisterial District Court Judge – which likely altered the outcome of the trial to the detriment of Appellant entitling Appellant to a new trial?

Appellant's Brief at 9 (record citations omitted).

Appellant's issues assert, alternatively, that trial counsel was ineffective for allowing the admission of testimony from the investigating officer regarding the contents of the search warrant application, or failing to request a cautionary instruction thereafter. More specifically, Appellant first claims that trial counsel was ineffective for failing to object to the relevancy of the investigating officer's testimony regarding the search warrant application, which "contained statements of two key witnesses, John Jarrett and William 'Roy' Meyers" who "were not available for the prosecutor to call at trial[.]" *Id.* at 19-20. Appellant argues that: 1) such testimony was incriminating and there is arguable merit to his ineffectiveness claim; 2) while trial counsel did lodge a hearsay objection, he "simply did not make the complete applicable objection" and, therefore lacked a reasonable strategy, and; 3) the out-of-court statements made in the search warrant application "placed at least one firearm in [Appellant's] possession" and were so prejudicial as to change the outcome of trial. *Id.* at 20-23. In the alternative, Appellant argues that trial counsel was ineffective for failing to

request a cautionary instruction to the aforementioned testimony. *Id.* at 24-29.

Our standard of review is as follows:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2). [One such enumerated error is that the conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S.A. § 9543(a)(2)(ii).]

>            *         *         *

> Counsel is presumed effective, and the appellant bears the burden of proving otherwise. To prevail on an ineffectiveness claim, appellant must establish:

> > (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

> Failure to prove any prong of this test will defeat an ineffectiveness claim. If a claim fails under any necessary element of the [aforementioned] test, the court may proceed to that element first. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development. Further, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Fears*, 86 A.3d 795, 803-804 (Pa. 2014) (citations, quotations and original brackets omitted).

Initially, we recognize that the PCRA court noted that Appellant did not meaningfully discuss the second or third prongs of the test for counsel effectiveness in relation to the first issue (asserting preclusion of the challenged testimony) presented in his PCRA petition. PCRA Court Opinion, 10/17/2014, at 7 (Appellant "wholly fails to even address whether the second or third prongs of [the test for counsel ineffectiveness] are satisfied on this claim."). Since the petition did not address the second and third prongs, Appellant waived this claim for lack of development. *Fears*, 86 A.3d at 804. The fact that Appellant addresses those prongs on appeal cannot overcome waiver, because claims cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

Regardless, Appellant's contention that police testimony regarding the application for the search warrant in this case is irrelevant or constitutes hearsay is without arguable merit.[2] "Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). "As a general rule, hearsay is inadmissible as such evidence lacks

---

[2] The challenged testimony, information contained in the affidavit of probable cause to support the implemented search warrant, was clearly relevant to the issues presented at Appellant's trial. As discussed *infra*, police witnesses are permitted to rely upon out-of-court statements to explain their course of conduct in a criminal investigation.

guarantees of trustworthiness fundamental to the Anglo–American system of jurisprudence." ***Commonwealth v. Estepp***, 17 A.3d 939, 945 (Pa. Super. 2011), *citing **Commonwealth v. Dargan**,* 897 A.2d 496, 500 (Pa. Super. 2006). "However, 'an out-of court statement offered not for its truth but to explain the witness's course of conduct is not hearsay' and thus, is not excludable under the hearsay rule." ***Id.***, *citing **Commonwealth v. Rega**,* 933 A.2d 997, 1017 (Pa. 2007). "Since the evidence was introduced for course of conduct, and not for its truth, it [is] not hearsay, and counsel cannot be deemed [ineffective] for failing to object." ***Commonwealth v. Carson***, 913 A.2d 220, 258 (Pa. 2006). Accordingly, Appellant's first issue was waived, and otherwise without merit.

Next, Appellant claims that trial counsel was ineffective for failing to request a cautionary instruction, pertaining to the aforementioned testimony, which would have explained that the jury should evaluate the out-of-court statements at issue solely for the purpose of understanding police course of conduct and not to evaluate the truth of those statements. Appellant's Brief at 23-29. He maintains that cautionary instructions were warranted based upon on our Court's decisions in ***Estepp*** and ***Dargan***, ***supra***. ***Id.*** at 25. Relying upon trial counsel testimony from an unrelated PCRA hearing wherein counsel stated "he had little memory of the exchange [at trial] relating to the warrant application[,]" Appellant argues "there is no evidence to suggest that he had a strategic reason for neglecting to request a cautionary statement." ***Id.*** at 27. He claims there was a reasonable

- 7 -

likelihood that the outcome of trial would have been different with the cautionary instruction, because the out-of-court statements "placed at least one firearm in [Appellant's] possession" and misled jurors regarding probable cause and caused them to discount his defenses. *Id.* at 28-29.

Appellant failed to prove that counsel lacked any reasonable strategy not to request a cautionary instruction or that he was prejudiced by trial counsel's actions. Regarding trial counsel strategy, our Supreme Court previously determined, "[u]nder some circumstances, trial counsel may forego objecting to an objectionable remark or seeking a cautionary instruction on a particular point because 'objections sometimes highlight the issue for the jury, and curative instructions always do.'" *Commonwealth v. Koehler*, 36 A.3d 121, 146 (Pa. 2012) (internal citation and original brackets omitted). As the foregoing establishes, failing to request a cautionary instruction is not *per se* ineffective assistance of counsel. Appellant bore the burden of proof to show that there was no reasonable strategy involved. Merely claiming that counsel had little memory of the testimony at trial pertaining to the warrant application, does not carry that burden.

Moreover, Appellant failed to establish a reasonable probability that the outcome of trial would have differed had trial counsel sought a cautionary instruction, considering the overwhelming evidence of Appellant's guilt. At trial, the Commonwealth played an audiotaped recording of a statement Appellant made to police following the search at issue. N.T.,

12/2/2011, at 35.  In the recording, Appellant admitted he brokered a deal between his step-father and the firearm seller for the purchase of the Tikka .243 caliber gun.  He also admitted that the .30-30 rifle was inherited from a relative and was in Appellant's residence for two to three months prior to the police interview.  At trial, Appellant admitted he listened to the audiotaped statement, confirmed it was his voice, acknowledged that he had the firearms in his house despite a disqualifying conviction, recognized he made the transaction for the Tikka .243 caliber firearm, and conceded that police made no promises to drop charges in exchange for a confession.  *Id.* at 59-63.  Because Appellant admitted that there were known guns in his home, the complained of out-of-court statements clearly did not prejudice him.  Accordingly, Appellant's second claim of counsel ineffectiveness must fail.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015

- 9 -