J-S02045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RYAN GLOVER | |
| Appellant | No. 514 EDA 2015 |

Appeal from the Judgment of Sentence Entered January 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004278-2014

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.                    **FILED MAY 24, 2016**

Appellant, Ryan Glover, appeals from the judgment of sentence entered January 5, 2015 in the Court of Common Pleas of Philadelphia County, sentencing him to an aggregated term of five and one half to twelve years of imprisonment.  Upon review, we affirm.

The trial court summarized the background of the case as follows.

> On February 20, 2014, the defendant, Ryan Glover, was arrested and charged with Possession of a Controlled Substance with Intent to Deliver ("PWID"), Knowingly and Intentionally Possessing a Controlled Substance ("K&I"), and Resisting Arrest.[1]
>
> On June 24, 2014, the defendant filed a Motion to Suppress.  On October 29, 2014, after a hearing, this Court

---

[1] Respectively, 35 Pa.C.S.A. §§ 780-113(a)(30), 780-113(a)(16), and 18 Pa.C.S.A. § 5104.

denied defendant's Motion to Suppress physical evidence. After a bench trial the same date, this Court found defendant guilty of all charges and revoked bail.

Sentencing was deferred until January 5, 2015 for completion of pre-sentence and mental health reports. At that time, the defendant was sentenced to concurrent terms of imprisonment of five and one half to twelve years for PWID, and six to twelve months for Resisting Arrest, for a total sentence of five and one half to twelve years of imprisonment.

On January 13, 2015, the defendant filed a Motion for Reconsideration of Sentence. On January 29, 2015, this Court denied the Motion for Reconsideration of Sentence. On February 13, 2015, the defendant filed a timely Notice of Appeal. On February 18, 2015, this Court ordered the defendant to submit a Statement of Matters Complained of on Appeal pursuant Pa.R.A.P. 1925(b). On March 11, 2015, this Court granted the defendant an extension of time to file a Statement. On March 30, 2015, the defendant filed a timely Statement.

At the hearing on the defendant's Motion to Suppress, the following facts were presented. On February 20, 2014, at 9:45 p.m., experienced Philadelphia Police Officers Charles Waters and Antoine Wesley were on routine patrol in a high crime area of West Philadelphia. Both officers observed the defendant disregard a stop sign and fail to stop at the corner of 56th and Arch Streets. The officers initiated a U-turn and followed the defendant's car southbound, activating their lights and sirens. They followed the defendant's car, making a right turn on Market Street and again on North Frazier Street Defendant stopped his vehicle in a parking space near 13 North Frazier Street.

While defendant produced his driver's license and a rental agreement, the rental agreement did not contain the car's vehicle information, so Officer Waters had to verify that the car's VIN matched its license plate. While he was doing so, Officer Waters ordered the defendant to place both of his hands onto the steering wheel. On two separate occasions, the defendant removed his hands from the steering wheel and placed them close to his waist. Officer Waters removed the defendant from the car out of concern for his safety.

Once outside of the car, after the defendant had been instructed to put his hands on the roof of the car, the defendant again reached into his waist area. At this point, for his safety, Officer Waters conducted a brief pat-down of the defendant. He felt a hard object that he believed, based upon prior experience, to be a "rock" of cocaine.[2] The officers ordered the defendant to place his hands behind his back because he was under arrest. The defendant refused to comply. Both officers grabbed his arms and wrestled with the defendant. The defendant repeatedly attempted to reach toward his waist band. After struggling for about two minutes, he was handcuffed and transported to the 18th District. Once at the 18th District, the officers found that the defendant had unfastened his seatbelt and he was again reaching for his waistband. The officers grabbed him in a hugging fashion, placed him on the ground, and then recovered a plastic bag from inside the waist of his pants. The plastic bag contained 123.813 grams of cocaine.

. . . .

Following the denial of his Motion to Suppress, the defendant elected to be tried on a bench trial at which time all the relevant and non-hearsay testimony elicited at the suppression hearing was incorporated. Officer George Burgess, an expert in narcotics packaging and distribution, rendered his opinion that the 124 grams of cocaine was possessed with intent to distribute based upon the large, compressed quantity in a single bag, ready for dilution and sale. He explained this is characteristic of narcotics packaging regularly used by drug dealers in Philadelphia.

[2] At the time, Officer Waters had seventeen years of experience, including greater than one hundred firearms arrests, hundred narcotics arrests, and greater than fifty arrests for cocaine.

Trial Court Opinion (T.C.O.), 4/9/15, at 1-4 (references to record omitted).

On appeal, Appellant raises two issues for our review.

1) Did the lower court error [sic] by denying [Appellant]'s motion to suppress because the arresting police officer did not know the item in [Appellant]'s pants was contraband until he manipulated it?

- 3 -

2) Does possession alone of approximately 120 grams of cocaine establish as a matter of law that the controlled substance was possessed with the intent to deliver?

Appellant's Brief at 3.

In Appellant's first issue, he challenges the trial court's denial of his suppression motion, claiming that Officer Waters manipulated the rock-like object he felt in Appellant's waistband in violation of the plain feel doctrine.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review. Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress. *See In re L.J.*, 622 Pa. 126, 79 A.3d 1073, 1083–1087 ([Pa.]2013).

*Commonwealth v. Mathis*, 125 A.3d 780, 783 (Pa. Super. 2015), *appeal granted*, No. 975 MAL 2015, 2016 WL 1247784 (Pa. Mar. 30, 2016) (citation omitted).

Our Supreme Court has clearly explained the plain feel doctrine as follows.

> It is well-established that a police officer may conduct a brief investigatory stop of an individual if the officer observes unusual conduct which leads him to reasonably conclude that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 30,

88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). Moreover, if the officer has a reasonable suspicion, based on specific and articulable facts, that the detained individual may be armed and dangerous, the officer may then conduct a frisk of the individual's outer garments for weapons. *Id.* at 24, 88 S.Ct. at 1881. Since the sole justification for a *Terry* search is the protection of the officer or others nearby, such a protective search must be strictly "limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." *Id.* at 26, 88 S.Ct. at 1882. Thus, the purpose of this limited search is not to discover evidence, but to allow the officer to pursue his investigation without fear of violence.

Recently, however, the United States Supreme Court considered the question of whether an officer may also properly seize non-threatening contraband "plainly felt" during a *Terry* frisk for weapons. *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). Answering the question in the affirmative, the *Dickerson* Court adopted the so-called plain feel doctrine and held that a police officer may seize non-threatening contraband detected through the officer's sense of touch during a *Terry* frisk if the officer is lawfully in a position to detect the presence of contraband, the incriminating nature of the contraband is immediately apparent from its tactile impression and the officer has a lawful right of access to the object. As *Dickerson* makes clear, the plain feel doctrine is only applicable where the officer conducting the frisk feels an object whose mass or contour makes its criminal character immediately apparent. Immediately apparent means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband. If, after feeling the object, the officer lacks probable cause to believe that the object is contraband without conducting some further search, the immediately apparent requirement has not been met and the plain feel doctrine cannot justify the seizure of the object.

*Commonwealth v. Stevenson*, 744 A.2d 1261, 1264-65 (Pa. 2000) (some citations omitted).

Appellant argues that Officer Waters' search of Appellant exceeded the scope of a permissible *Terry* frisk. Specifically, Appellant claims that

"Officer Waters' testimony makes clear that he manipulated that contraband in a manner that exceeded that which the rule allows." Appellant's Brief at 13. Appellant bases this allegation on Officer Waters' statement that he could tell the contraband was inside of a plastic bag. Appellant argues that, even though Officer Waters testified that he patted Appellant down with an open palm, "common experience makes clear that a simple pat would not uncover the plastic bag; such packaging would only be noticed with more intrusive prodding." Appellant's Brief at 14. Appellant further argues that an officer discovered contraband under similar circumstances in *Commonwealth v. Wilson*, 927 A.2d 279 (Pa. Super. 2007), and this Court determined that the officer's search was illegal and the contraband should have been suppressed.

To the extent that Appellant relies on *Wilson*, his reliance is misplaced. In *Wilson*, Officer Clarence Gunter had testified that, during his pat down of the defendant, he felt large hard ball in the defendant's pocket and "thought it was a weapon of some sort." *Wilson*, 927 A.2d at 285. Officer Gunter then asked the defendant what was in his pocket and, when the defendant did not answer, Officer Gunter looked in the defendant's pocket and noticed what he "believed" was a bag of cocaine. *Id.* This Court concluded that the plain feel doctrine was inapplicable as the record did not contain "any evidence indicating that Officer Gunter felt non-threatening contraband" during his pat down of the defendant. *Id.* at 287. As Officer Waters' testimony clearly indicated he "immediately knew" that the rock-like

object he felt on Appellant was a rock of narcotics, **Wilson** is easily distinguishable from the instant case.

The record provides no support for Appellant's version of Officer Waters' testimony or Appellant's argument that that Officer Waters only discovered the narcotics on Appellant after "intrusive prodding."  To the contrary, the record reflects Officer Waters clearly testified it was 'immediately apparent' to him that the rock-like object he detected was a rock of narcotics.

> [Officer Watters:] Once I took him out of the vehicle I told him to place his hands on the roof of the car.  He put his hands up on the roof of the car and I -- because I thought he may have had a gun in his waistband, I started at his waistband.
>
> As I patted him down I felt a hard object which, to me, felt like a rock.
>
> [Commonwealth:] Okay.
>
> [Officer Waters:] Once I felt that, I immediately knew that he had narcotics on him.
>
> The Court: When you say "a rock," are we talking about a rock of narcotics?  Are we talking about a rock I'd pick up off the street?
>
> [Officer Waters:] No, a rock of narcotics.
>
> . . . .
>
> [Commonwealth:] Officer, when you initially were patting the defendant down and felt what you described as a rock, what did you think it was?
>
> [Officer Waters:] I immediately knew, from past experiences, that it was narcotics."

N.T. Suppression Hearing and Waiver Trial, 10/29/14, at 24-27. Additionally, the trial court found that Officer Waters conducted a lawful pat down of Appellant during which Officer Waters believed the rock-like object he felt to be a rock of cocaine based on his "extensive experience" which, as previously mentioned, included greater than fifty arrests for cocaine. T.C.O., 4/9/15, at 6. As, the record clearly indicates that it was immediately apparent to Officer Waters that the rock-like object in Appellant's waistband was a rock of narcotics, the trial court correctly applied the plain feel doctrine and appropriately denied Appellant's suppression motion.

Appellant's second issue is that the Commonwealth's evidence was insufficient to prove Appellant's charge of PWID. Appellant's Brief at 14.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-44 (Pa. Super. 2011) (quoting *Commonwealth v. Brooks*, 7 A.3d 852, 856–57 (Pa. Super. 2010). "[This] Court cannot deem incredible that which the fact-finder deemed worthy of belief." *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007). Additionally, "[t]o sustain a conviction for PWID, the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance." *Estepp*, 17 A.3d at 944 (quotation marks and citation omitted). "[P]ossession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption." *Ratsamy*, 934 A.2d at 1238 (quoting *Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa. Super. 2005)).

Appellant alleges that the Commonwealth only established that the cocaine Appellant possessed was valuable, not that he intended to deliver it. Appellant's Brief at 14. Appellant argues that, although the Commonwealth's expert, Officer Burgess, testified that he believed the cocaine was possessed with intent to deliver, his basis was "a series of truisms that hardly qualify as evidence." Appellant's Brief at 16. Appellant faults Officer Burgess' reliance on the value of the cocaine and how it was packaged and alleges that the expert's opinion regarding the location Appellant concealed the cocaine was absurd. Appellant's Brief at 16. Appellant argues that Officer Burgess simply "presumed" Appellant to be an

addict, yet also alleges that Officer Burgess concluded that Appellant did not appear to be an addict. Appellant's Brief at 16.

Essentially, Appellant argues that the Commonwealth did not prove he possessed the cocaine with intent to deliver because Officer Burgess' testimony was not credible. Again, the fact-finder is free to believe all, part or none of the evidence and, under our standard of review, we do not substitute our own credibility determinations for those of the trial court. Instantly, the trial court found the expert testimony given by Officer Burgess credible. Additionally, the trial court cited the pure form of the cocaine, its high value of $12,400, and Appellant's lack of usage paraphernalia as not indicative of personal use and sufficient to prove Appellant possessed the cocaine with intent to distribute it. T.C.O., 4/9/15, at 7-8. Furthermore, the record simply does not support Appellant's version of Officer Burgess's expert testimony. Therefore, viewing the facts in the light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient to prove beyond a reasonable doubt Appellant possessed the cocaine with intent to deliver.

Appellant is not entitled to relief on either of his issues. The record supports the trial court's denial of Appellant's suppression motion and determination that the Commonwealth proved beyond a reasonable doubt Appellant's PWID charge. As such, we affirm Appellant's judgement of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016