**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Vernon Lee ESTEPP, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 11, 2011.
Filed March 18, 2011.
Reargument Denied May 18, 2011.

Burton A. Rose, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, and Mary Huber, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., FREEDBERG, and PLATT,* JJ.

OPINION BY STEVENS, P.J.:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after a jury found Appellant Vernon Lee Estepp guilty of possession with intent to deliver a controlled substance (PWID)[1] and possession

---

* Retired Senior Judge assigned to the Superior Court.

1. 35 P.S. § 780–113(a)(30) (one count).

of drug paraphernalia.[2] We affirm.

The relevant facts and procedural history of this case are as follows: Philadelphia Police Officer Jeffrey Cujdik, a member of the Narcotics Task Force, received information from a confidential source that a white male known as "Vern," who was approximately 50 years old, was selling prescription drugs from a residence located at 2828 Agate Street in Philadelphia. As a result, on September 12, 2006, Officer Cujdik arranged for a different informant to make a controlled drug buy at this location. In preparation for this operation, Officer Cujdik searched the informant for contraband and provided him with $20 in prerecorded money to buy pills.

After Officer Cujdik dropped the informant off near Appellant's residence, the informant knocked on Appellant's front door. Officer Cujdik observed Appellant open the front door, briefly converse with the informant, and bring the informant into his home. Within minutes, the informant exited the building and Appellant peeked out the door to look up and down the street. Upon returning to the unmarked police car, the informant gave Officer Cujdik two pills he had purchased, later established to be Oxycodone.[3]

Based on this controlled purchase, Officer Cujdik obtained a search warrant for Appellant's residence on 2828 Agate Street. Although further investigation revealed Appellant did not own the house, officers discovered that Appellant was registered to vote at this location. On September 13, 2006, officers executed the search warrant and took Appellant into custody. A search of Appellant's person revealed $421 cash, a key to the 2828 Agate Street residence, a photo identification card which listed 2828 Agate Street as

Appellant's address, and a pack of Newport cigarettes.

Upon entering the residence, officers searched under a bed in the living room and discovered eight (8) Xanax pills inside a shoe, eighteen (18) clear plastic bags of cocaine in a Newport cigarette box, and numerous unused Ziploc packets similar to those containing the cocaine. On an end table next to the bed, police found two billing statements in Appellant's name for the 2828 Agate Street address. Police found two other bedrooms in the home, but noted that they did not appear to be in habitable condition.

On January 30, 2008, a jury convicted Appellant of PWID and possession of drug paraphernalia. On July 29, 2008, the trial court sentenced Appellant to three (3) to six (6) years imprisonment, followed by two years probation. Appellant filed a post-sentence motion, which the trial court denied on October 28, 2008. Appellant subsequently filed a timely appeal and properly filed a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

However, on February 12, 2009, Appellant filed a Motion to Remand to the trial court for an evidentiary hearing to investigate allegations of police misconduct on the part of Officer Cujdik. Appellant cited two newspaper articles, allegedly published on February 10, 2009 in the Philadelphia Inquirer and the Philadelphia Daily News, revealing Officer Cujdik was under federal and state investigation after a former confidential informant accused Cujdik of falsifying evidence in his narcotics investigations. On May 12, 2009, in a *per curiam* order, this Court held the Motion to Remand under advisement and directed

---

**2.** 35 P.S. § 780–113(a)(32) (one count).

**3.** The parties stipulated at trial that Oxycodone is a Schedule II controlled substance. N.T. 1/29/08, at 97.

the trial court to report the status of the investigation. After the trial court reported the investigation was still ongoing and under the control of federal authorities, this Court directed the trial court to file an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues on appeal:

1. Should this case be remanded to the lower court for hearings [regarding] recent police corruption activities concerning the arresting and investigating narcotics officers?

2. Was the evidence sufficient to prove that Appellant constructively possessed controlled substances as charged?

3. Did the lower court err in allowing a narcotics officer to testify about hearsay from a "confidential informant" that identified Appellant as a drug dealer at this location?

4. Did the lower court err in refusing to grant Appellant's request to charge the jury as to "mere presence"?

Appellant's Brief, at 3.[4]

■ In requesting a remand for a hearing to investigate Officer Cujdik's alleged misconduct, Appellant relies on this Court's decision in *Commonwealth v. Rivera*, 939 A.2d 355 (Pa.Super.2007), in which this Court remanded the case for an evidentiary hearing based on after-discovered evidence showing police chemist Colleen Brubaker was stealing drugs from the police lab for her personal use. However, in that case, Rivera cited to newspaper articles that reported that Brubaker had actually been arrested and charged with theft of the drugs. *Id.* at 357. In contrast, Appellant cites to newspaper articles from February 2008 which merely state that Officer Cujdik was under investigation for misconduct. Moreover, there are no dates on the newspaper articles except those handwritten by an unknown individual. As such, Appellant can only speculate about possible corruption that has not been corroborated. We specifically hold that the newspaper articles Appellant offers in this case are not sufficient to meet the test for after-discovered evidence. Accordingly, Appellant's Motion to Remand is denied.

■ Appellant next claims that there was insufficient evidence to establish that he constructively possessed a controlled substance. The standard for evaluating sufficiency claims is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. More-

---

**4.** We have renumbered Appellant's statement of the questions involved for the ease of our review.

over, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brooks,* 7 A.3d 852, 856–57 (Pa.Super.2010) (citations omitted).

▬▬▬ To sustain a conviction for PWID, "the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance." *Commonwealth v. Lee,* 956 A.2d 1024, 1028 (Pa.Super.2008) (citations omitted). If the contraband is not found on the appellant's person, the Commonwealth must prove that the appellant had constructive possession of the contraband, which has been defined as the "ability and intent to exercise control over the substance." *Commonwealth v. Hutchinson,* 947 A.2d 800, 806 (Pa.Super.2008) (citations omitted). The Commonwealth may establish constructive possession through the totality of the circumstances. *Commonwealth v. Muniz,* 5 A.3d 345, 349 (Pa.Super.2010) (citing *Commonwealth v. Thompson,* 779 A.2d 1195, 1199 (Pa.Super.2001)). *See Commonwealth v. Walker,* 874 A.2d 667 (Pa.Super.2005) (finding the defendant exercised dominion and control over illegal drugs found in a home office along with mail addressed to the defendant and a closet of his clothes).

Appellant claims his conviction should not stand as he was "merely present" at the home and there was no evidence connecting him to the seized drugs. We disagree. Appellant clearly lived at the residence at 2828 Agate Street as he possessed a key to the front door, his personal identification listed this home as his address, and he was registered to vote there. Upon a search of Appellant's residence, police found illegal drugs underneath a bed in the only room suitable for overnight accommodation. Police recovered Xanax pills in a shoe hidden under the bed along with bags of cocaine stored in a Newport cigarette box, which was the same brand of cigarettes that Appellant carried on his person. On the nightstand next to the bed, police found two billing statements addressed to Appellant at the 2828 Agate Street address. As such, it is reasonable to infer that Appellant exercised control and dominion over the illegal drugs under his bed.

We are not persuaded by Appellant's allegation that others may have had access to the drugs as this Court has found that multiple individuals may have joint control and equal access and thus both may constructively possess the contraband. *Commonwealth v. Sanes,* 955 A.2d 369, 373 (Pa.Super.2008) (citations omitted). Accordingly, when viewing the totality of the circumstances, we find the trial court did not err in finding sufficient evidence to establish that Appellant had the ability and intent to exercise control over the controlled substances.[5]

▬▬▬ Appellant also claims it was unfairly prejudicial for the trial court to allow Officer Cujdik to testify to the out-of-court statement of a confidential informant who informed police that a 50–year–old white male named "Vern" sold prescription

---

**5.** Although the jury found Appellant possessed numerous controlled substances (the Oxycodone recovered from the confidential informant on September 12, 2006 and the cocaine and Xanax found in Appellant's residence on September 13, 2006), Appellant was only charged and convicted on one count of PWID. As a result, our finding that Appellant constructively possessed the Xanax and cocaine is sufficient to sustain his conviction for one count of PWID and it is unnecessary to discuss Appellant's possession of the Oxycodone.

drugs out of his residence on 2828 Agate Street. Appellant argues this testimony was inadmissible hearsay that the Commonwealth offered as substantive evidence of guilt to convince the jury that Appellant had a criminal propensity to sell drugs. The Commonwealth claims the testimony was offered for the sole purpose of establishing Officer Cujdik's course of conduct in investigating these allegations.

■ In reviewing a challenge to the admissibility of evidence, our standard of review is limited:

> The admissibility of evidence is within the sound discretion of the trial court, wherein lies the duty to balance the evidentiary value of each piece of evidence against the dangers of unfair prejudice, inflaming the passions of the jury, or confusing the jury. We will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion.

*Commonwealth v. Ruffin,* 10 A.3d 336, 341 (Pa.Super.2010) (citations omitted).

■ Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted. Pa.R.E. 801(c). As a general rule, hearsay is inadmissible as such evidence lacks guarantees of trustworthiness fundamental to the Anglo–American system of jurisprudence. *Commonwealth v. Dargan,* 897 A.2d 496, 500 (Pa.Super.2006) (citations omitted). However, "an out-of court statement offered not for its truth but to explain the witness's course of conduct is not hearsay" and thus, is not excludable under the hearsay rule. *Commonwealth v. Rega,* 593 Pa. 659, 693, 933 A.2d 997, 1017 (2007) (citation omitted).

This Court addressed a factual similar situation in *Dargan* where the trial court allowed an investigating officer to testify to the out-of-court statements of a confi-

dential informant for the limited purpose of explaining the officer's course of conduct. *Dargan,* 897 A.2d at 502. The officer testified that his confidential informant gave him a tip that an African–American male named "Oc" was selling heroin out of his home in Old Forge. *Id.* at 498–99. The informant gave police a description of "Oc" and his vehicle, the location where Oc lived, and his license plate number. *Id.* This Court refused to find error as the trial court admitted the statements with specific instructions for the jury to consider the evidence for a particular purpose. *Id.* at 502.

■ Similarly, in the case *sub judice,* after the defense attorney objected to Officer Cujdik's attempt to testify to the informant's statements, the prosecution explained that the admission of this evidence would be used solely to explain Officer Cujdik's course of conduct. The trial court agreed and issued the following limiting instruction prior to the introduction of these statements:

> Court: I'll overrule the objection. But I do want to tell the jury how to handl[e] this particular type of evidence. The testimony that the witness is going to be permitted to give you about what the confidential informant may have said to him is only to be used by you in order to help explain why he did what he did ... Why our officer did what he did in the course of conduct of his investigation.
>
> It is not by any means to be used by you to evaluate the truth of these statements themselves of what the confidential informant may or may not have told the police officer. Do you understand that? It's an important distinction.
>
> With that cautionary instruction, I'll permit the answer.

N.T. Trial, 1/29/2008, at 37. There is a presumption that a jury follows the trial court's instructions. *See Commonwealth*

*v. Flor*, 606 Pa. 384, 998 A.2d 606, 632 (2010). As Appellant has not presented any evidence to rebut this presumption, we find the trial court did not abuse its discretion in admitting this testimony.

■ Lastly, Appellant challenges the trial court's denial of his request for a jury instruction on "mere presence."

When reviewing a challenge to jury instructions, the reviewing court must consider the charge as a whole to determine if the charge was inadequate, erroneous, or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. A new trial is required on account of an erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury.

*Commonwealth v. McRae*, 5 A.3d 425, 430–31 (Pa.Super.2010) (quoting *Commonwealth v. Fletcher*, 604 Pa. 493, 546, 986 A.2d 759, 792 (2009)).

■ We agree with Appellant's assertion that a conviction for a crime cannot be sustained solely on evidence that the defendant was merely present or near the scene of the crime. *Sanes*, 955 A.2d at 374. However, this Court has refused to hold that a jury must always be given an instruction that mere presence is insufficient to convict. *Commonwealth v. La*, 433 Pa.Super. 432, 640 A.2d 1336, 1344 (1994). Rather, "where a jury is fully and adequately instructed on the elements of a crime, and where it appears that a charge on "mere presence" is not essential to their understanding of the case, the trial court may refuse to issue a specific instruction on mere presence." *Id.*

After reviewing the jury charge as a whole, the trial court reminded the jury of the Commonwealth's burden to prove each element beyond a reasonable doubt, and specifically, *inter alia*, that Appellant must have had the ability and intent to exercise control over the illegal substances. Moreover, the trial court emphasized that:

A person does not possess a controlled substance merely because he or she is aware of the presence and nature of the substance, or because he or she is physically close to it. Although proof of such facts may be evidence tending to show possession, such facts do not of themselves establish the necessary intent and power to control.

N.T. Trial, 1/30/08, at 21. Although the trial court may not have given the verbatim instruction that Appellant desired, the trial court's charge informed the jury that the sole evidence of his physical proximity to the drugs was not sufficient to sustain a conviction for PWID. As such, we find no error in the trial court's instruction to the jury.

Based on the foregoing reasons, we affirm.

Affirmed.