J-S54022-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIFFANY LYONS | |
| Appellant | No. 125 WDA 2017 |

Appeal from the Judgment of Sentence November 29, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000360-2016

BEFORE:  OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                  FILED:  SEPTEMBER 29, 2017

Tiffany Lyons appeals from the November 29, 2016 judgment of sentence entered in the Erie County Court of Common Pleas following her conviction for conspiracy to commit retail theft.[1]  We affirm.

The trial court summarized the factual history of this matter as follows:

> On the morning of December 14, 2015, [Lyons] went to the home of her friend, Antoinette Blue, and said "let's go hustling."  Ms. Blue explained the phrase "let's go hustling" meant "let's go make some money," and that she and [Lyons] understood this to mean "let's go shoplifting."

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 903.

[Lyons] and Ms. Blue decided to go to the GameStop in Wesleyville, Pennsylvania. The two travelled to the store together. Before exiting their vehicle, they formed a plan to distract the people working in the store because "that's what [they] do all the time." The two agreed [Lyons] would distract the store clerks while Ms. Blue physically took the merchandise. Ms. Blue admitted to taking an X-Box from the store that day, and later pled guilty to the crime of retail theft.

The testimony of Aaron Findley, the store leader of the GameStop in Wesleyville, revealed a Limited Edition X-Box One [console] was taken from the store on December 14, 2015. Review of security footage recorded that day showed [Lyons] and Ms. Blue entering the store together. On the video, [Lyons] approached a store clerk, Valerie Prindle, and pulled her away from the register area of the store where the [consoles] were kept. A few minutes later, the video showed Ms. Blue taking an X-Box One. [Lyons] left the store not long after Ms. Blue. [Lyons] did not purchase anything from the store.

1925(a) Op., 2/28/17, at 1-2 (citations omitted; some alterations in original).

On October 18, 2016, a jury convicted Lyons of conspiracy to commit retail theft. On November 29, 2016, the trial court sentenced Lyons to 12 to 24 months' incarceration, with credit for 19 days served. On December 9, 2016, Lyons filed a motion for reconsideration/modification of sentence, which the trial court denied on December 12, 2016. On January 11, 2017, Lyons timely filed a notice of appeal.

Lyons raises the following issue on appeal: "Whether the Commonwealth presented sufficient evidence to find [Lyons] guilty of criminal conspiracy to commit retail theft?" Lyons' Br. at 3 (full capitalization omitted).

- 2 -

Lyons contends that the Commonwealth failed to present sufficient evidence to prove both that she and Blue had an agreement and that an overt act in furtherance of a conspiracy occurred.

Our standard of review for a challenge to the sufficiency of the evidence is well-settled:

> The standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Antidormi, 84 A.3d 736, 756 (Pa.Super. 2014) (quoting Commonwealth v. Estepp, 17 A.3d 939, 943-44 (Pa.Super. 2011)).

We have previously held:

> To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal

- 3 -

intent and, (3) an overt act was done in furtherance of the conspiracy. This overt act need not be committed by the defendant; it need only be committed by a co-conspirator.

The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation.

The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt.

Commonwealth v. Ruiz, 819 A.2d 92, 97 (Pa.Super. 2003) (quoting Commonwealth v. Johnson, 719 A.2d 778, 794-85 (Pa.Super. 1998)). "[W]hen viewed in conjunction with each other and in the context in which they occurred," circumstances which may prove conspiracy include: "(1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy." Id. (quotation omitted).

The trial court concluded that the Commonwealth presented sufficient evidence to sustain the conviction, reasoning:

At the time of trial, the Commonwealth presented evidence [that Lyons] entered into an agreement with Antoinette Blue to go "hustling." The term "hustling" is

- 4 -

described by Ms. Blue as meaning "shoplifting." According to Ms. Blue, she and [Lyons] agreed [Lyons] would distract the store clerks while Ms. Blue stole from the store. Jury Trial Transcript, 10/18/16, p. 24-27, 30-31.

Subsequently, [Lyons] and Ms. Blue are seen on video at the Game Stop, entering the store together. [Lyons] pulls one clerk away from the register area of the store. Ms. Blue then steals the X-Box. See Testimony of Aaron Findlay, Jury Trial Transcript, 10/18/16, p. 7-17.

1925(a) Op. at 5. We agree with the trial court's conclusion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/29/2017