J-S76028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD WASHINGTON | |
| Appellant | No. 1196 EDA 2017 |

Appeal from the Judgment of Sentence Entered March 6, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0002712-2016

BEFORE: PANELLA, STABILE, and PLATT,* JJ.

MEMORANDUM BY STABILE, J.:                 **FILED FEBRUARY 12, 2018**

Appellant, Ronald Washington, appeals from the March 6, 2017 judgment of sentence imposing two to four years of incarceration followed by one year of probation for possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance, and possession of drug paraphernalia. We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> On February 24, 2016, Officer Matthew Donohue, a police officer for the City of Chester, in Delaware County, Pennsylvania, was on duty and in the Chester Police Station. Officer Donohue had been in the Chester Police Department for six (6) years, three (3) of which were in the Narcotics Division. Prior thereto, he was a police officer in Norwood Borough, Delaware County, PA. In his

_____

* Retired Senior Judge assigned to the Superior Court.

capacity as a narcotics officer he has been involved in approximately 250 drug investigations.

At approximately 2:40 p.m. on that date he received a call from a confidential informant (hereinafter referred to as "CI") about a black male in the area of 10th and Upland Streets in Chester wearing a black jacket and black pants selling crack cocaine. The call was from a paid informant whom the officer has used at least 15 times in the past in connection with the preparation of search warrants which were approved by a District Justice and where the informant was deemed by the witness as being reliable in the past. The confidential informant further stated to the witness that the person "…wasn't stashing the narcotics. He had the narcotics on him."

After receiving that telephone call Officer Donohue and Officer Mack, a Chester narcotics officer in training, left the police station and drove to the area of 10th and Upland Streets where they observed the Appellant fitting the description provided by the confidential informant, that being a black male wearing a black jacket and black pants. The police officers exited their vehicle and walked up to Appellant who immediately with both hands grabbed the closed front pouch of his jacket. He then took his hands of the pouch and immediately started shaking. Officer Donohue patted him down in the area of his waist and the front pouch pocket for weapons. Although the officer felt no weapons, based on his training and experience what he felt in the front pouch pocket appeared to him to be packaged narcotics. The officer then unzipped the pocket, reached in and retrieved a clear sandwich bag containing 34 smaller bags with suspected crack cocaine which filed tested positive and subsequently confirmed as such at the state police crime lab. Also seized from the Appellant was $124 in U.S. currency and a cell phone. At that point, the Appellant was arrested and taken to the Chester police station for processing.

Trial Court Opinion, 7/5/17, at 2-3 (record citations omitted).

Prior to trial, Appellant filed a motion to suppress the evidence police retrieved from him during the stop and frisk. The trial court denied the motion by order of October 18, 2016. Appellant proceeded to a February 2, 2017

- 2 -

non-jury trial, at the conclusion of which the trial court found Appellant guilty of the aforementioned offenses. Appellant filed this timely appeal following the imposition of sentence. He presents two questions:

> 1. Whether the lower court erred when it refused to suppress the fruits of an illegal stop and frisk of Appellant where the stop occurred without reasonable suspicion that criminal activity was afoot and the frisk was conducted without reasonable suspicion that he was armed and dangerous?

> 2. Whether the trial court erred in admitting out of court statements allegedly made by a confidential informant, through the testimony of Officer Donohue, since no exceptions to the hearsay rule apply?

Appellant's Brief at 5.

We review a challenge to an order denying suppression of evidence as follows:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Baker*, 24 A.3d 1006, 1015 (Pa. Super. 2011) (internal citations and quotation marks omitted). Our scope of review is limited to the record of the suppression hearing. *In re L.J.* ,79 A.3d 1073, 1087 (Pa. 2013).

Appellant argues that police did not have reasonable suspicion for their investigative detention of Appellant because the CI's tip lacked sufficient indicia of reliability and because police failed to corroborate it before stopping Appellant. Appellant's Brief at 17-18. Appellant argues the Commonwealth failed to establish the CI's veracity. Appellant also argues that Officer Donohue's frisk of Appellant was unlawful. Appellant bases his arguments on a discrepancy between Officer Donohue's preliminary hearing testimony and his testimony at the suppression hearing.[1] Specifically, Officer Donohue did not state at the preliminary hearing that he had relied on this CI in the past. Appellant's argument ignores the standard of review, which requires us to consider the Commonwealth's evidence and only so much of Appellant's evidence as remains uncontradicted.

The record supports the trial court's findings, summarized above, that Officer Donohue had relied on this CI on fifteen prior occasions. In Officer Donohue's experience, the CI's information had proven reliable. N.T. Hearing, 8/23/16, at 13. The record also supports the trial court's findings that Officer Donohue found Appellant at the specified location (a high-crime area) and

---

[1] The preliminary hearing transcript was introduced as an exhibit during the suppression hearing and therefore is appropriately before us under *L.J.*

matching the description provided by the CI. The CI informed police that Appellant had contraband on his person, and Appellant reached for his pocket and began shaking at the sight of approaching police officers. The trial court provided a thorough analysis of its ruling in its order of October 18, 2016 and in its opinion of July 5, 2017.[2] We agree with the trial court's conclusion that police had reasonable suspicion in support of the stop and frisk and we reject Appellant's argument based on the trial court's order and opinion.

In his second argument, Appellant claims the trial court erred in permitting Officer Donohue to testify about statements the CI made to him. As the trial court correctly notes, Pennsylvania courts permit hearsay accounts of a CI tip in order to explain a police officer's course of conduct in conducting their investigation. *Commonwealth v. Chmiel*, 889 A.2d 510, 532-33 (Pa. 2005); *Commonwealth v. Estep*, 17 A.3d 939, 944-46 (Pa. Super. 2011). We reject Appellant's second argument based on the trial court's July 5, 2017 opinion. Further, we direct that copies of the trial court's July 5, 2017 opinion (with the October 18, 2016 findings of fact and conclusions of law attached as an exhibit) be filed along with this memorandum.

Judgment of sentence affirmed.

---

[2] The trial court attached its October 18, 2016 order, including the findings of fact and conclusions of law, as Exhibit A to its July 5, 2017 opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/18