J-S84012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                    :             PENNSYLVANIA
                              :
          v.                           :
                              :
                              :
SEZAN PRUDENCE HESSOU      :
                              :
          Appellant          :   No. 545 MDA 2017

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000023-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                **FILED MARCH 21, 2018**

Appellant, Sezan Prudence Hessou, appeals from the judgment of sentence entered following his conviction of simple assault.[1]  We affirm.

The trial court summarized the facts of this case as follows:

> The concise statement of facts is that [Appellant's] child suffers from enuresis [involuntary urination], which child victim testified to and [Appellant] admitted he treated by slapping the child forcefully about the head to awaken him, in an effort to force him to urinate in the middle of the night.  This "treatment" resulted in visible injuries to the child, so that when he reported to school the next day the mandatory reporters at the school reported the child abuse to child line.  . . .
>
> The more detailed facts supported by the record are as follows:
>
> 1.    In December 2015, [Appellant] had a shared custody arrangement with Mother for week on-week off custody of their 8-year-old son, hereinafter Child.

---

[1]  18 Pa.C.S. § 2701(a)(1).

2. Child suffers from enuresis, involuntary urination, especially by children at night.

3. Over the second weekend of December 2015, Child was at [Appellant's] residence in Wormleysburg, Cumberland County.

4. Child reported that over that weekend period [Appellant] would routinely wake him up during the night in an attempt to force him to urinate.

5. Child described that [Appellant] would slap his face to awaken him and further slap his face when he reported he could not urinate on [Appellant's] command.

6. [Appellant] acknowledged and demonstrated from the witness stand how he would be caused to slap his Child in the face in order to awaken him, as no lesser prompts would rouse the sleeping child, who once awoke would be directed to urinate in the bathroom.

7. [Appellant] reports these wake up calls happened repeatedly over the weekend period into Monday morning.

8. On Monday December 14, 2015, the police responded to a Children and Youth call of suspected child abuse that had been reported from Hoover Elementary School in the Camp Hill, Cumberland County, School District.

9. The report was that a student had arrived at school with marks on both sides of his face.

10. An officer took photos that documented the injuries shown on both sides of the Child's face, to which the officer indicated they resembled a handprint.

Trial Court Opinion, 6/13/17, at 2-3.

The trial court summarized the procedural history of this matter as follows:

In a two-count Criminal Information filed on February 17, 2016, the Commonwealth charged [Appellant] with violations of the Crimes Code, specifically Simple Assault, section 2701(a)(1),

and Endangering Welfare of Children - Parent or Guardian, section 4304(a)(1). At the conclusion of a jury trial, [Appellant] was convicted of Simple Assault on January 24, 2017. [Appellant], who has a prior record score of 3, was sentenced on February 28, 2017, to not less than six months nor more than twelve months in the county prison together with a consecutive supervised term of probation for twelve months. Notice of Appeal was filed on March 28, 2017. This Opinion is in support of the jury's conviction of [Appellant] on the charge of Simple Assault, as [Appellant] avers the evidence is insufficient to show reckless culpability.

*Id.* at 1. The trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Was the evidence presented at trial sufficient to convict Appellant of simple assault?" Appellant's Brief at 6 (full capitalization omitted). Appellant asserts that he was convicted for a mistake in judgment that occurred while he was attempting "to assist [Child] in overcoming his bedwetting under what [Appellant] believed were dire circumstances." *Id.* at 17. Appellant claims that the resultant harm of slapping child "consisted of temporary stinging pain like a bee sting and marks on [Child's] face from a series of slaps." *Id.* Appellant maintains that the actions were neither intentional nor malicious, and were not sufficiently proven to be reckless. *Id.* Thus, Appellant contends the evidence is insufficient to establish the requisite intent or *mens rea* for a conviction of simple assault. *Id.* at 21.

Our standard of review is well established:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the

fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

The crime of simple assault is defined at 18 Pa.C.S. § 2701, which provides, in pertinent part, as follows:

**§ 2701. Simple assault**

**(a) Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

    (1)    attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

18 Pa.C.S. § 2701(a)(1). "Recklessly" is defined as follows:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. Substantial pain may be

inferred from the circumstances surrounding the physical force used. ***Commonwealth v. Smith***, 848 A.2d 973, 976 (Pa. Super. 2004).

In addressing Appellant's issue, the trial court provided the following analysis:

> The jury's decision is right on point. The open hand slap with such force and repetition so as to cause readily identifiable hand imprint bruises to the face of an eight year old child, who has enuresis, is an assault and there is no medical or legal justification that would bar such a conviction. This is a case about medical treatment and nowhere in the presented facts or in ordinary common sense is it found that you treat enuresis by facial slaps to coerce a child into middle of the night urination. The jury properly found [Appellant's] deliberate infliction of pain and injury inconsistent with contemporary standards of decency, which is to say a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.
>
> [Appellant's] inexplicably bizarre and torturous home-remedy is ill-conceived and irresponsible. He is an educated man but [Appellant] lacks common sense. Son clearly loves his father and father loves his son; however, as this appeal reinforces to this jurist, [Appellant] does not accept responsibility for the cruelty of his actions.

Trial Court Opinion, 6/13/17, at 4.

The trial court's opinion is supported by the evidence of record. At trial, Appellant admitted to slapping Child in the face. N.T., 5/19/17, at 100. Child testified that Appellant slapped him multiple times and was angry while doing so. ***Id.*** at 50-51. Appellant asserted that he hit Child in the face because Child was unresponsive and in what Appellant described as a sleepwalking state, when Appellant was attempting to get him to the bathroom to urinate. ***Id.*** at 99-100. Appellant's behavior, in an attempt to address Child's medical

issue, however, involves "a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation." 18 Pa.C.S. § 302(b)(3). Thus, Appellant acted recklessly in slapping Child, consciously disregarding the bodily injury that Child would suffer.

Indeed, the exhibits reflect significant bruising on Child's face. N.T., 5/19/17, at 60, Commonwealth Exhibits, 1, 2, and 3. Furthermore, Child testified that the slapping "hurt" and reported to the investigating Children and Youth Services representative "that it hurt really bad when it happened." N.T., 5/19/17, at 50, 65-66. Thus, the element of "bodily injury" has been established. 18 Pa.C.S. § 2301. Accordingly, we agree with the trial court's conclusion that there was sufficient evidence to convict Appellant of simple assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018