J-S04008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LYNNETTE JANE ACKLEY | : | |
| | : | |
| Appellant | : | No. 887 MDA 2017 |

Appeal from the Judgment of Sentence April 3, 2017
In the Court of Common Pleas of Northumberland County Criminal Division
at No(s): CP-49-CR-0000639-2016

BEFORE: SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED APRIL 23, 2018**

Appellant, Lynnette Jane Ackley, appeals from the judgment of sentence entered following her conviction of simple assault.[1] We affirm.

We summarize the history of this case as follows. During the course of an argument on March 14, 2016, Appellant swung a bag of unknown hard items at her nineteen-year-old, mentally disabled son ("the victim"). The bag struck the victim in the area of his right eye, causing a laceration down his forehead and into his eyebrow. In an information filed June 10, 2016, Appellant was charged with one count each of simple assault and the

---

[1] 18 Pa.C.S. § 2701(a)(1).

summary offense of harassment.[2]  On January 19, 2017, at the conclusion of trial, the jury convicted Appellant of the crime of simple assault.  Also on that date, the trial court found that Appellant was not guilty of the summary offense of harassment.  On April 3, 2017, the trial court sentenced Appellant to serve a term of probation of eighteen months.  Appellant was further sentenced to pay a fine of $100.00, as well as costs and supervision fees.  Appellant filed a timely post-sentence motion for reconsideration, requesting a reduction of the fines and costs due to financial strain.  The trial court held a hearing on May 1, 2017, and thereafter reduced Appellant's supervision fee to $15.00 per month.  This timely appeal followed.

Appellant presents the following issue for our review:

1. Was Appellant's conviction in error where the evidence was insufficient to establish simple assault, as Appellant's actions were not intentional, knowing or reckless?

Appellant's Brief at 4.

In her sole issue, Appellant argues that the Commonwealth did not present sufficient evidence to support her conviction of simple assault.  Appellant's Brief at 7-9.  Specifically, Appellant contends that her conduct was neither intentional nor malicious, and was not sufficiently proven to be reckless.  *Id*. at 8-9.  She further asserts that there was insufficient evidence that the victim suffered physical pain.  *Id*. at 7-8.

---

[2] 18 Pa.C.S. § 2709(a)(1).

Our standard of review is well established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

The crime of simple assault is defined at 18 Pa.C.S. § 2701, which provides, in pertinent part, as follows:

**§ 2701. Simple assault**

**(a) Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

> (1)    attempts to cause or intentionally, knowingly
> or recklessly causes bodily injury to another;

18 Pa.C.S. § 2701(a)(1). "Recklessly" is defined as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree

that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. Substantial pain may be inferred from the circumstances surrounding the physical force used. ***Commonwealth v. Smith***, 848 A.2d 973, 976 (Pa. Super. 2004).

In addressing Appellant's issue, the trial court provided the following analysis:

> At trial, Officer Zettelmoyer of the Milton Police Department testified that on March 14, 2016, he went to [Appellant's] residence with Detective Engelman in response to a report of abuse made by the Milton School District regarding [Appellant's] 19 year old son, Brandon Ackley, who is mentally disabled. While at the residence, [Appellant] told Officer [Zettelmoyer] that she swung a bag containing unknown objects out of anger and it hit Brandon Ackley above the right eye. Officer [Zettelmoyer] observed a half inch gash above Brandon's right eye. Detective Engelman spoke with the victim, Brandon Ackley. The victim told him that he and his mother got into a verbal argument. [Appellant] pushed him a couple of times and then grabbed a bag and struck him. Detective Engelman further testified that upon viewing the injury to Brandon's eye he believed it needed medical attention.
>
> [Appellant] in her own defense at trial admitted she was frustrated and swung the bag containing unknown items. Additionally, she admitted that she did not seek medical attention for her son. However, she contended that she was not aiming at Brandon; in other words, this was accidental. The jury ultimately rejected her version.
>
> It is clear that, in viewing the evidence in the light most favorable to the verdict winner, there was sufficient evidence to support the jury's determination.

- 4 -

Trial Court Opinion, 8/1/17, at 2.

The trial court's opinion is amply supported by the evidence of record. At trial, Appellant explained that she became frustrated with the victim when she endeavored to clean his bedroom and "he threw a fit." N.T., 1/19/17, at 46-47. Appellant's husband attempted to intervene and tried to get Appellant out of the room. *Id*. However, as Appellant stated, "[O]ne thing led to another. And I just picked up a bag and started swinging because I was frustrated." *Id*. at 47. Appellant admitted that the bag struck the victim causing a laceration. *Id*. at 48. Appellant further testified that she did not seek medical attention, but rather treated the victim's cut at home. *Id*. In addition, Officer Jason Engelman of the Milton Police Department testified that he responded to the victim's home on March 14, 2016, and observed the victim's injury, which he described as deep and requiring medical attention. *Id*. at 30.

Based on the foregoing, we conclude that Appellant's behavior, in an act of frustration toward her disable child, amounts to "a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation." 18 Pa.C.S. § 302(b)(3). Consequently, Appellant acted recklessly in swinging the bag of hard objects, consciously disregarding the bodily injury that the victim would suffer, and subsequently failing to secure medical attention.

Furthermore, the photographs of the victim's injuries presented at trial reflect a significant laceration to the victim's forehead, which extended downward into his eyebrow, as well as bruising and swelling. N.T., 1/19/17, at 67-68, Commonwealth Exhibits 1 and 2. In addition, Officer Dan Zettelmoyer of the Milton Police Department testified that he received a referral of suspected child abuse from the Milton School District and responded to Appellant's home. *Id*. at 17. Officer Zettelmoyer described the victim's wound as starting above the eyebrow and continuing down into the eyebrow. *Id*. at 18. He explained that the laceration was open about one-quarter inch. *Id*. Officer Zettelmoyer further concluded that the injury was in need of medical treatment. *Id*. at 19. Substantial pain may be inferred from this evidence. *Smith*, 848 A.2d at 976. Thus, the element of bodily injury has been established. 18 Pa.C.S. § 2301. Therefore, Appellant's claim that there was insufficient evidence to support her conviction lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/23/18

- 6 -