J. S62039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :     IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA
            v.                 :
                                         :
DEMETRIUS EVANS,           :          No. 3108 EDA 2017
                                         :
          Appellant      :

Appeal from the Judgment of Sentence, December 16, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006303-2013

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBER 02, 2018**

Demetrius Evans appeals the judgment of sentence in which the Court of Common Pleas of Philadelphia County sentenced him to serve an aggregate term of one to two years of imprisonment followed by two years' probation for his convictions for fleeing or attempting to elude an officer and for recklessly endangering another person.[1]  After careful review, we affirm.

The facts, as recited by the trial court, are as follows:

> On April 27, 2013, Philadelphia Police Officer Vincent Visco was on patrol in an unmarked police vehicle, with his partner, Officer Marcolino.[2]  At about 7:25 PM they were in the vicinity of 12th Street

---

[1] 75 Pa.C.S.A. § 3733(a) and 18 Pa.C.S.A. § 2705.  Appellant was also convicted of disorderly conduct but received no further penalty. 18 Pa.C.S.A. § 5503(a).

[2] The officer is identified as Officer Marcellino in the hearing transcript. (Notes of testimony, 3/28/14 at 9.)

and West Cumberland Avenue (1200 block) when they encountered [a]ppellant, who was driving a motorcycle. Appellant was driving approximately 45 miles per hour in a 25 MPH zone, weaving through the other vehicles and passing vehicles on the left side, in the parking lane of [] Cumberland, which [is] one way, with one lane of travel. The officers activated their vehicle[']s lights and sirens to signal [a]ppellant to pull over. Although he looked back at the police 3-4 times, [a]ppellant did not stop as the office[r] gave chase, until he finally pulled over in the vicinity of 9th and Cumberland, where [a]ppellant was unable to make a high-speed turn onto 9th Street and instead drove up on to the sidewalk and into the grass in an abandoned lot, where the police vehicle cut him off.

The entirety of the pursuit was in a residential area, where people and other vehicles were present. The location at 9th and Cumberland where [a]ppellant missed the turn and drove up on the sidewalk and into a lot was across from a playground where a lot of kids were present, and there was a store near where [a]ppellant drove onto the sidewalk. Adjacent to the sidewalk and lot that [a]ppellant drove into, there were residences. There were many people out at 9th and Cumberland. Appellant struggled with the officers as the[y] attempted to take him into custody.

Trial court opinion, 12/18/17 at 2-3 (citations to record omitted).

The trial court also set forth the relevant procedural history:

On March 28, 2014, [appellant] proceeded to trial before this Court, sitting without a jury. Appellant was convicted of fleeing or attempting to elude an officer (75 Pa.C.S.[A.] § 3733), recklessly endangering another person and disorderly conduct. Sentencing was deferred.

On December 16, 2014, [a]ppellant was sentenced to 1-2 years on the conviction under 75 Pa.C.S.[A.] § 3733, to run consecutive to any sentence

[a]ppellant was then serving, and a consecutive sentence of two years['] probation on the conviction for recklessly endangering another person. No further penalty was imposed on the disorderly conduct conviction.

On January 28, 2015, an untimely notice of appeal was filed under [sic] by [a]ppellant, *pro se*. On March 12, 2015, the Superior Court quashed the appeal as untimely.

On July 27, 2015, [a]ppellant filed a petition under the Post[ ]Conviction Relief Act (PCRA). Counsel was appointed on May 5, 2016. New counsel was appointed on October 17, 2016.

An amended PCRA petition was filed by new counsel on January 17, 2017.

On August 8, 2017, the Court granted the PCRA petition. The Commonwealth filed a motion to reconsider, which resulted in the August 8, 2017, order being vacated. A new order granting the PCRA petition and reinstating [a]ppellant's direct appeal rights *nunc pro tunc*, only, was entered on August 25, 2017.

A timely notice of appeal was filed on September 18, 2017.

Pursuant to Pa.R.A.P. 1925(b)(2) and (3), the Court entered an order on September 26, 2017, directing the filing of a Statement of Errors Complained of on Appeal, not later than twenty-one (21) days after entry of the order.

On October 16, 2017, [a]ppellant filed a timely Statement of Errors Complained of on Appeal.

Trial court opinion, 12/18/17 at 1-2. On December 18, 2017, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant contends that the trial court erred when it found that he was guilty of a felony for fleeing or eluding police. (Appellant's brief at 4.) Essentially, appellant contends that the Commonwealth failed to present sufficient evidence to establish that he committed the felony of fleeing or eluding police.

> In reviewing the sufficiency of the evidence, we view all evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the fact-finder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to a crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."
>
> Moreover, when reviewing the sufficiency of the evidence, the Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions, they may not be disturbed.

*Commonwealth v. Stokes*, 78 A.3d 644, 649 (Pa.Super. 2013), *appeal denied*, 89 A.3d 661 (Pa. 2014) (citations omitted).

> Moreover, when applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa.Super. 2011) (citations omitted), *appeal dismissed*, 54 A.3d 22 (Pa. 2012).

Section 3733 of the Vehicle Code, entitled "Fleeing or attempting to elude police officer," provides in pertinent part:

**(a) Offense defined.--**Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

. . . .

**(a.2) Grading.--**

(1) Except as provided in paragraph (2), an offense under subsection (a) constitutes a misdemeanor of the second degree. Any driver upon conviction shall pay an additional fine of $500. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties.

(2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:

(i) commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance);

(ii) crosses a State line; or

(iii) endangers a law enforcement officer or member of the general

> public due to the driver engaging in a high-speed chase.

75 Pa.C.S.A. § 3733(a) and (a.2).

Appellant does not challenge the fact that he violated Section 3733. He challenges whether there was sufficient evidence to establish that he committed a felony as defined in Section 3733(a.2)(2)(iii). (Appellant's brief at 8.) Appellant asserts that there is no evidence that he engaged in a high-speed chase and that there was no evidence presented that either a law enforcement officer or a member of the general public was endangered. (**Id.**)

In **In re R.C.Y.**, 27 A.3d 227 (Pa.Super. 2011), this court addressed the applicability of Section 3733(a.2)(2)(iii) and concluded:

> The legislative history for subsection (iii) reveals that it was added to the statute in response to complaints about chases that endangered the public. **See** PA S. Jour., 2006 Reg. Sess. No. 46, 1839 (June 27, 2006). Furthermore, the history reveals that the term "high-speed chase" was intentionally left undefined. **See Id.** It was left undefined because it was believed that "the courts will know them when they see them." **Id.**
>
> From this history, we draw two conclusions. First, that the legislature intended the enhanced penalties to protect the safety of the public in general and police officers in particular. Indeed, the first clause of the subsection is "endangers a law enforcement officer or member of the general public. . . ." Clearly, the "mischief to be remedied" is the danger presented by certain methods of fleeing or eluding police officers while driving a motor vehicle at high speeds.

> Second, we conclude that the legislature did not intend for the term "high-speed chase" to be construed literally. Rather, it intended that "high-speed chase" be a term of art, having a practical, legal meaning that was not closely bound by a literal definition. The term "high-speed chase," far from being the primary focus of the subsection, was intended to merely require a different level of danger from the run-of-the-mill dangers posed by merely failing to stop when signaled to do so by a police officer. In other words, the legislature included this term to indicate that the enhanced penalties applied only in cases where the defendant's actions created an extraordinary danger to the public at large or to police officers.

*In re R.C.Y.*, 27 A.3d at 230.

Here, Officer Vince Visco ("Officer Visco"), assigned to the Philadelphia Highway Patrol, testified that on April 27, 2013, at approximately 7:25 p.m., he noticed appellant on a motorcycle and activated his lights for appellant to come to a stop because appellant was driving at a high rate of speed and was passing traffic on the left side of a one-way street. (Notes of testimony, 3/28/14 at 10-13.) Officer Visco also activated the siren. Appellant looked back but continued traveling at approximately 45 miles per hour where the speed limit was 25. (*Id.* at 14-16.) Officer Visco testified that appellant was "passing, weaving in and out to get away from [other vehicles], to get away from us. (*Id.* at 16.) Officer Visco described what transpired when appellant tried to make a left turn at 9th and Cumberland:

> [H]e went up onto the sidewalk . . . and went onto like a grass area and then went out onto the sidewalk. Luckily, there weren't a lot of people out.

> Right across the street was a playground, basketball courts, and what have you. A lot of kids are out. On the opposite corner was a corner store. Luckily, no one was hurt, but there were a lot of people out.

*Id.* at 19.

It is clear from Officer Visco's testimony that appellant created more than just the "run of the mill dangers posed by merely failing to stop when signaled to do so by a police officer." *In re R.C.Y.*, 27 A.3d at 230. He traveled well above the speed limit, weaved in and out of traffic, and went off the roadway in an attempt to elude police. Further, in *In re R.C.Y.*, this court determined that the driver of the vehicle engaged in a high-speed chase when the evidence established that his speed did not exceed 35 miles per hour. *Id.* Appellant's contention that the Commonwealth failed to present evidence sufficient to establish that he engaged in a high-speed chase is without merit.

Appellant also asserts that the Commonwealth failed to present sufficient evidence to establish that he endangered a law enforcement officer or a member of the general public because of the high-speed chase. Appellant argues that there were no endangerment factors present as there were in *Commonwealth v. Bowen*, 55 A.3d 1254 (Pa.Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013). In *Bowen*, this court affirmed the conviction of Stephen Christopher Bowen ("Bowen") for fleeing and attempting to elude police where Bowen drove at speeds between 70 and 100 miles per hour in a chase that lasted approximately 30 minutes,

endangered other traffic on the roads, and crossed the state line into Maryland. *Id.*, 55 A.3d at 1261.

A review of ***Bowen*** reveals that Bowen was convicted of 75 Pa.C.S.A. § 3733(a.2)(2)(ii) for fleeing and eluding police and crossing a state line not for 75 Pa.C.S.A. § 3733(a.2)(2)(iii) for fleeing and eluding police and endangering a law enforcement officer or member of the general public because the driver engaged in a high-speed chase as is the case here. ***See Bowen***, 55 A.3d at 1261. While Bowen drove at higher speeds than did appellant, Bowen was not convicted under the same subsection, so his speed and erratic driving do not serve as the standard for Section 3733(a.2)(2)(iii).

While thankfully, no one was injured or killed, evidence of the acts of speeding, weaving in and out of traffic, and losing control of the motorcycle while going off the road in an area where other vehicles and individuals on foot were nearby is sufficient to establish that the violation of the law constituted a felony under Section 3733(a.2)(2)(iii).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/18