J-S68015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CAL HEIDELBERG, III | : | |
| | : | |
| Appellant | : | No. 138 WDA 2018 |

Appeal from the Judgment of Sentence December 5, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003791-2016

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 24, 2018**

Cal Heidelberg, III ("Appellant") appeals from the judgment of sentence made final by an order granting his post-sentence motion for reconsideration of sentence and recommending him for boot camp.   Order, 2/14/18. We affirm.

The trial court summarized the facts of this case in its Pa.R.A.P. 1925(a) opinion.  Trial Court Opinion, 3/15/18, at 1–4.  In short, following a dispute at a bar near the intersection of 5th Street and Peach Street in Erie, Pennsylvania, on August 13, 2016, Appellant fled from police, discarded a firearm into a sewer drain, and discarded a plastic baggie containing drugs. Appellant was arrested for various drug and weapon offenses.   A jury convicted Appellant on October 16, 2017, of firearms not to be carried without a license, tampering or fabricating physical evidence, possession of firearm

_____
* Former Justice specially assigned to the Superior Court.

prohibited, and disorderly conduct.[1]  The trial court sentenced Appellant to incarceration for an aggregate term of four and one-half to nine years on December 5, 2017.  Appellant filed timely post-sentence motions on December 11, 2017, which the trial court granted in part, recommending him for boot camp.  Order, 12/28/17.  Appellant filed a timely appeal on January 22, 2018.  In an amended sentencing order, the parties agreed to waive Appellant's ineligibility for boot camp.  Order, 2/14/18.  Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant states the following questions for our review:

1. Did the Commonwealth present insufficient evidence to sustain each of Appellant's convictions as the testimony was so contradictory on the essential issues that the jury's findings were based on mere conjecture and speculation?

2. Did the trial court erred [sic] when it denied Appellant's post-sentence request for relief on weight of the evidence grounds?

Appellant's Brief at 10.

Appellant's first issue challenges the sufficiency of the Commonwealth's evidence that he possessed a firearm or engaged in disorderly conduct. Appellant's Brief at 24.  Specifically, Appellant contends that, "[v]iewed in the light most favorable to the verdict winner, the Commonwealth's case rested entirely on the incredibly inconsistent testimony of a number of witnesses." *Id.* at 27.

---

[1]   18 Pa.C.S. §§ 6106(a)(1), 4910(2), 6105(a)(1), and 5503(a)(1), respectively.

The standard for evaluating sufficiency claims is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943–944 (Pa. Super. 2011).

The offense of "firearms not to be carried without a license," is defined, in relevant part, as follows:

[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1). A person tampers with or fabricates physical evidence:

if, believing that an official proceeding or investigation is pending or about to be instituted, he . . . (2) makes, presents or uses any record, document or thing knowing it to be false and with intent to mislead a public servant who is or may be engaged in such proceeding or investigation.

- 3 -

18 Pa.C.S. § 4910(2). Regarding the offense of possession of firearms prohibited, the Pennsylvania Crimes Code provides that:

[a] person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). Finally, "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa.C.S. § 5503(a)(1).

The trial court disposed of Appellant's sufficiency challenge with the following analysis:

[T]he Commonwealth presented sufficient evidence for the jury to find Appellant guilty of [firearms not to be carried without a license]. In particular, both counsel for Appellant and counsel for the Commonwealth stipulated Appellant is a Person Not to Possess as defined by 18 Pa.C.S. 6105(A)(1) and also stipulated Appellant did not have a license to carry a concealed firearm at the time of the alleged offense. In addition, the jury heard ample testimony from Patrolman James Cousins, Brandon Tufts, Christopher Hall, and Mike Dunn, who all indicated Appellant carried a firearm on or about his person [at the time of] the altercation which occurred near or at Coconut Joe's on the night of August 13th, 2016.

Likewise, since both counsel for Appellant and counsel for the Commonwealth stipulated Appellant is a Person Not to Possess as defined by 18 Pa.C.S. 6105(A)(1), in addition to the aforementioned testimony, sufficient evidence existed for the jury to find Appellant guilty of Possession of Firearm Prohibited. Furthermore, the jury is the factfinder who makes the credibility determination with respect to each witness as to whether

- 4 -

Appellant possessed, used, or controlled a firearm on the night of August 13th, 2016.

Moreover, the Commonwealth presented sufficient evidence to support the jury's verdict finding Appellant guilty of Tampering with or Fabricating Physical Evidence. In particular, both Patrolman Cousins and Mr. Dunn indicated Appellant tossed a firearm into the sewer drain at the corner of French and Fifth Streets while being chased by law enforcement. Also, Mr. Hall and Mr. Dunn both confirmed the firearm later retrieved from the sewer was the same firearm Appellant brandished during the altercation at Coconut Joe's. Thus, the jury was justified in inferring Appellant, by discarding the firearm into the sewer, intended to impair the availability of the firearm as evidence at a later official proceeding or investigation.

Finally, the Commonwealth presented sufficient evidence to support the jury's verdict finding Appellant guilty of Disorderly Conduct. Specifically, Mr. Tufts and Mr. Hall indicated Appellant, while in a public location in front of Coconut Joe's, participated in an altercation and each personally observed Appellant retrieve a handgun from a nearby vehicle. Both Mr. Tufts and Mr. Hall stated Appellant maintained the firearm at his side during the altercation, and Mr. Hall indicated he heard Appellant exclaim[,] "It's about to go down. Are you ready for this?" Patrolman Cousins further indicated that after Appellant began to flee, Patrolman Cousins commanded Appellant numerous times to stop; however, Appellant refused to comply.

* * *

[The] Commonwealth presented ample circumstantial evidence in this case, including testimony from six witnesses, the firearm itself, live ammunition found in the chamber of the firearm, and a "Firearm and Tool Mark" Lab Report prepared by the Pennsylvania State Police Bureau of Forensic Services, which analyzed the firearm. . . [T]his [t]rial [c]ourt finds the jury properly considered [the] evidence presented by the Commonwealth and such evidence was sufficient to warrant the jury's findings that Appellant committed these offenses . . . .

Trial Court Opinion, 3/15/18, at 8−11 (internal citation omitted).

Upon review of the certified record, we discern no abuse of the trial court's discretion in denying Appellant's post-sentence motion for judgment of acquittal; the evidence was sufficient to establish beyond a reasonable doubt that Appellant committed the offenses charged. In addition to the trial court's summary of the evidence, Appellant acknowledges—and the record confirms—the following facts of record:

- Mr. Tuft "observed Appellant pull out a black handgun, cock it, and hold it to the side in his right hand." Appellant's Brief at 27; N.T., 10/16/17, at 85.

- Mr. Hall observed "an argument between two people at the corner, which escalated, causing Appellant to go to his vehicle to retrieve a small black handgun." Appellant's Brief at 27; N.T., 10/16/17, at 100. According to Mr. Hall, "Appellant carried the gun in his left hand, and [Mr.] Hall observed him taking it in and out of his pocket multiple times." Appellant's Brief at 27; N.T., 10/16/17, at 101. Mr. Hall "saw Appellant drop and then retrieve the gun near the dumpsters by Molly Brannigan's." Appellant's Brief at 27; N.T., 10/16/17, at 102, 112.

- Mr. Dunn, "saw Appellant coming out between two cars with a gun coming out of his shorts/pants." Appellant's Brief at 28; N.T., 10/16/17, at 127–128. Mr. Dunn "observed [Appellant] throwing the gun near the corner of Fifth and French Streets." Appellant's Brief at 28; N.T., 10/16/17, at 129.

- Officer Cousins pursued "Appellant at Fifth and State, saw movement near Appellant's waistline, heard something metal hit the cement near the parking lot of Coconut Joe's, saw Appellant reach down to retrieve the object, and then saw a gun in Appellant's hand." Appellant's Brief at 28; N.T., 10/17/17, at 6–10, 16. Officer Cousins "described the gun as dark in color." Appellant's Brief at 29; N.T., 10/17/17, at 41.

- Police located a firearm in the sewer drain at Fifth and French Streets; "it was silver and black in color." Appellant's Brief at 29; N.T., 10/16/17, at 150, 159–160; N.T., 10/17/17, at 144; Commonwealth Exhibit 1.

Additionally, as the trial court opined, the stipulations established that Appellant was a "person not to possess firearm" and did not have a license to carry a firearm. N.T., 10/17/17, at 23–24.

Viewing the evidence in the light most favorable to the Commonwealth, we reject Appellant's assertion that the jury's verdict was based "entirely on conjecture and is not sufficiently exclusive of every innocent hypothesis, namely, that the firearm had been discarded by a third party." Appellant's Brief at 30. The evidence was sufficient to establish that Appellant possessed a firearm, discarded it, and engaged in disorderly conduct by participating in an altercation and refusing to comply with Officer Cousins' directives. Thus, Appellant's sufficiency claim fails.

Appellant's second issue challenges the jury's verdict as being against the weight of the evidence. Appellant's Brief at 31. According to Appellant, "the Commonwealth's case was riddled with inconsistencies on critical factual questions in the case." *Id.*

"The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015). Our Supreme Court has set forth the following standards to be used in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751–[7]52 (2000); *Commonwealth v. Brown*,

538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 A.2d at 319–[3]20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id.* at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> **Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence**. *Brown*, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (Pa. 1976).

*Widmer*, 560 Pa. at 321–[3]22, 744 A.2d at 753 (emphasis added).

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–1055 (Pa. 2013). "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879–880 (Pa. 2008).

Here, the trial court disposed of Appellant's weight challenge as follows:

Based on the evidence presented by the Commonwealth, Appellant's conviction[s] of said offenses are not against the weight of the evidence. To the extent Appellant asserts discrepancies existed among the witnesses' testimony as to whether the firearm was black or gray or as to minute details of how the events specifically unfolded, the jury was charged with and was solely responsible for resolving any alleged contradictory testimony. Similarly, to the extent Appellant asserts Patrolman Cousins' [trial] testimony differed from the testimony he provided at Appellant's preliminary hearing, the jury was also solely charged with resolving any question related to the credibility of Patrolman Cousins' testimony. Thus, since the jury as the fact-finder was free to believe all, part, or none of the witness[es]' testimony against Appellant as outlined above, the jury's verdicts were certainly not "so contrary to the evidence as to shock one's sense of justice."

Trial Court Opinion, 3/15/18, at 10.

Upon review of the certified record, we discern no abuse of the trial court's discretion in concluding that the verdicts were not against the weight of the evidence. The record supports Appellant's various references to inconsistencies in the testimonial evidence. However, as the trial court opined—and the law affords—any discrepancies, contractions, or inconsistencies in the witnesses' testimony were for the jury to resolve, and it was "free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Gonzalez*, 109 A.3d at 723. In this case, the jury chose to believe the evidence presented by the Commonwealth, as was its right. *Id.* This Court will not assume the role of fact-finder and reweigh the evidence. Appellant's weight challenge also fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/24/2018