J-S50021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT GARDNER | : | |
| | : | |
| Appellant | : | No. 624 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 16, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014343-2013

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED:  APRIL 16, 2021**

Appellant, Vincent Gardner, appeals *nunc pro tunc* from the judgment

of sentence entered in the Court of Common Pleas of Philadelphia County on

April 16, 2015.  We affirm.

The trial court summarized the factual history of this matter as follows:

[O]n July 14th, 2013, at approximately 2:30 a.m., Appellant and
his brothers, Haleem and Quantel, forced their way into a house
located at 2829 Wharton Street, Philadelphia, Pennsylvania.
Haleem took out a revolver, put it to the head of an occupant of
the home, 13 year old [C.H.], then attempted to force the gun's
barrel into [C.H.'s] mouth, and demanded money, drugs, and
guns.  Nothing was identified as [having been] taken during the
invasion.  This ordeal took approximately 15 minutes.  During the
commission of the robbery, the minor was punched in the mouth
by Quantel Gardner, which caused it to bleed.  [Appellant]
searched the house.  After the Appellant and his brothers fled the
home, [C.H.] called his mother, … and then told Stephon Hill, his

_____

[*] Retired Senior Judge assigned to the Superior Court.

uncle, what had occurred. [C.H.] had named the attackers to his family members.

The next day, Stephon Hill searched out and found Haleem Gardner, physically assaulted him and took a black and silver revolver from him. This type of weapon was described by [C.H.] as the weapon pulled on him during the home invasion. Stephon Hill took the revolver from Haleem Gardner and gave it to a Jacques Charles, who, later that evening, was gunned down in the 2700 block of Reed Street. He died from his injuries. The gun taken by Stephon Hill and described by [C.H.], was found next to the body of Jacques Charles, along with several .38 caliber bullets in his pocket.

Although the facts related to the home invasion are simple and straight forward, the only eyewitness testimony presented at trial was long and drawn out, as [C.H.] was obviously reluctant and intimidated to testify against his attackers from the witness stand and fac[e] them in a courtroom. Given this reluctance and his avoidance of directly answering questions, this [c]ourt, at the Commonwealth's request, declared him to be a hostile witness and permitted the Commonwealth to utilize previous statements given by [C.H.] to Philadelphia Police personnel, as well as testimony given before a grand jury, as prior consistent statements. The Commonwealth read from the prior statements the questions and this witness'[s] answers, then asking if he recalled that question and answer. The witness did recall some and denied many of the questions specifically about the persons on trial in order to avoid implicating them face to face. It was clear to this [c]ourt that the witness was intimidated by their presence in the courtroom. N.T., 09-17-2014, P. 17 to P. 122.

The same was true of the witness, Stephon Hill, who was also deemed hostile and was then confronted with his prior statements, given his clear combative nature and stated reluctance to testify. Mr. Hill, on several occasions throughout his testimony, spoke of actions against "snitches" and claimed that the answers to detectives' questions were fabricated by them in order to frame the defendants. N.T., 09-17-2014, P. 159 to P. 223.

When the prior statements of [C.H.] and Stephon Hill were read together, the jury was presented with a clear, albeit

circuitous and drawn out, picture of what occurred that night in the home during the invasion.

Trial Court Opinion, 7/30/19, at 2-4.

On September 22, 2014, a jury convicted Appellant of robbery, burglary, and conspiracy to commit burglary.[1] The following day, the trial court convicted Appellant of the crime of persons not to possess a firearm.[2] On April 16, 2015, the trial court sentenced Appellant to serve an aggregate term of incarceration of fifty-five to 110 years.

Appellant filed a timely direct appeal, which was docketed at 1333 EDA 2015. However, on April 5, 2018, the case was dismissed due to Appellant's failure to file an appellate brief.

On December 18, 2018, Appellant filed a timely petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, seeking reinstatement of his direct-appeal rights. On February 14, 2019, the PCRA court granted Appellant relief and reinstated his direct appeal rights *nunc pro tunc*. Appellant filed this appeal on March 5, 2019. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, which we have renumbered for disposition:

1. Was the evidence presented at trial insufficient as a matter of law to support the verdict[?]

---

[1] 18 Pa.C.S. §§ 3502, 3701, and 903, respectively.

[2] 18 Pa.C.S. § 6105.

2. Did the court err when it allowed the introduction of a firearm and bullets from unrelated homicide to be entered into evidence?

Appellant's Brief at 3 (full capitalization omitted).

In his first issue, Appellant purports to argue that there was insufficient evidence to support his convictions. Appellant's Brief at 24-27. We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

Instantly, Appellant has abandoned any argument concerning the sufficiency of the evidence. Regarding sufficiency-of-the-evidence issues, an appellant must specify the elements upon which the evidence was insufficient in order to preserve the issue for appeal. *See Commonwealth v. Williams*,

959 A.2d 1252, 1257–1258 (Pa. Super. 2008) (finding waiver where the appellant failed to specify the elements of particular crime not proven by the Commonwealth). *See also Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (finding claim waived under *Williams* for failure to specify either in Rule 1925(b) statement or in argument portion of appellate brief which elements of crimes were not proven beyond a reasonable doubt).

Appellant's Pa.R.A.P. 1925(b) statement presents the following pertinent issue, which fails to specify the elements of the crimes allegedly not proven by the Commonwealth:

> 1. The evidence presented at trial was insufficient, as a matter of law, to support the verdict.

Pa.R.A.P. 1925(b) Statement (Record Entry 60), 3/4/19, at 1.

> In addressing this issue, the trial court stated the following:

> Here, Appellant has made nothing more than a boilerplate claim that the evidence presented at trial was insufficient to support the convictions for burglary, robbery and conspiracy. He has not specified the element(s) of the offense for which he believes the evidence was lacking. As such, he has waived his challenge to the sufficiency of the evidence.

Trial Court Opinion, 7/30/19, at 5.

Likewise, Appellant has failed to specify in his appellate brief the elements of the crimes that allegedly were not established. Appellant's Brief at 24-27. Rather, Appellant's argument consists of citation to case law and challenges to the credibility and reliability of the testimony offered by the

Commonwealth's witnesses. Appellant's argument concludes with the following summation:

There was insufficient evidence to convict Appellant .... The Judgment of Sentence and convictions must be vacated.

Appellant's Brief at 27. Consequently, Appellant's non-specific claim challenging the sufficiency of the evidence, which fails to specify the elements of the particular crimes allegedly not proven by the Commonwealth, is waived. *Williams*, 959 A.2d at 1257–1258.

Appellant last argues that the trial court erred when it permitted the introduction into evidence of a firearm and bullets that were discovered during the investigation of an unrelated homicide. Appellant's Brief at 20-23. Specifically, Appellant states:

Stephon Hill according to a prior statement searched out and found Harleem Gardner physically assaulted him and took a black and silver revolver from him. The [c]ourt concluded that this type of weapon was described by [C.H.] as the weapon pulled on him during the home invasion. Stephon Hill took the revolver from Harleem Gardner and gave it to Jacque Charles, who, later that evening, was [g]unned down on the 2700 block of Reed Street. He died from his injuries. The gun taken by Stephon Hill and described by [C.H.], was found next to the body of Jacques Charles, along with several .38 caliber bullets in his pockets.

Admission of the firearm and bullets recovered in the homicide investigation was extremely prejudicial and outweighed any probative value.

*Id*. at 21-22.

Before we address the merits of this issue, we must consider whether the claim has been properly preserved for appellate review. Initially, we

- 6 -

observe that Appellant has failed to specify where in the record the evidence was admitted at trial and where he preserved this claim by lodging a proper objection.

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In addition, it is an appellant's obligation to demonstrate which appellate issues were preserved for review. Pa.R.A.P. 2117(c), 2119(e).

Furthermore, Pa.R.A.P. 2119 addresses arguments in appellate briefs and corresponding references to the record and provides, in relevant part, as follows:

> **If reference is made to the** pleadings, **evidence**, charge, opinion or order, or any other matter appearing in the record, **the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears** … .

Pa.R.A.P. 2119(c) (emphases added).

It is not the role of this Court to develop an argument for a litigant or to scour the record to find specific evidence to support an appellant's arguments. *J.J. DeLuca Co. Inc. v. Toll Naval Assocs.*, 56 A.3d 402, 411 (Pa. Super. 2012) (quoting *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007)). Therefore, "[w]hen an allegation is unsupported [by] any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the allegation is waived for

purposes of appeal." ***Commonwealth v. Harris***, 979 A.2d 387, 393 (Pa. Super. 2009) (citing Pa.R.A.P. 2119(c)).

> In order to preserve an issue for review, a party must make a timely and specific objection at trial. A failure to object to an offer of evidence at the time the offer is made, assigning the grounds [for objection], is a waiver upon appeal of any ground of complaint against its admission.

***Commonwealth v. Griffin***, 684 A.2d 589, 595 (Pa. Super. 1996) (citations and quotation marks omitted).

In ***Commonwealth v. Colon***, 846 A.2d 747 (Pa. Super. 2004), the appellant's counsel filed a motion *in limine* to exclude a witness's testimony. ***Id***. 846 A.2d at 752. The court denied the motion, and the appellant's counsel failed to object on the record to the ruling. ***Id***. Counsel also did not object when the witness was called to testify. ***Id***. Relying on ***Griffin***, this Court determined the appellant waived his right to argue the issue on appeal. ***Id***. at 753.

Instantly, Appellant's bald assertion regarding the admission of a firearm and bullets lacks any supporting citation or proof in the record. In contradiction to Pa.R.A.P. 2119(c), in the argument portion of his appellate brief, Appellant has failed to comply with the mandatory briefing requirements by failing to offer citation to the notes of testimony. In addition, Appellant has not directed our attention to a place in the record where a proper objection to the admission of the evidence had been made.

As stated *supra*, it is not our role to scour the record for the evidence that could possibly support Appellant's argument. ***J.J. DeLuca Co. Inc.***, 56 A.3d at 411. This Court has consistently held that failure to comply with Pa.R.A.P. 2119(c) results in the waiver of the issue on appeal. Appellant's failure to comply with Rule 2119(c) compels our conclusion that this issue is waived.

Judgment of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/21