J-S33042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANON JON DOYLE | : | |
| | : | |
| Appellant | : | No. 1063 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 25, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002418-2019

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 11, 2022**

Danon Doyle appeals from the judgment of sentence[1] imposed after he was found guilty in a bench trial of Criminal Trespass.[2] Doyle claims that the trial court erred when it admitted evidence of prior bad acts and also argues that the evidence was insufficient to sustain his conviction. We affirm.

The trial court has set forth the factual and procedural history in this matter.

> [In March 2019, Officers Jason Hoover and Andrew Bixler] were dispatched for a "domestic in progress" call from the home of

_____

[1] Doyle purports to appeal from both the judgment of sentence imposed and the trial court order denying his post-sentence motion. Because an appeal is properly taken only from the sentence imposed, we have altered the caption accordingly.

[2] **_See_** 18 Pa.C.S.A. § 3503(a)(1)(i).

Alberta O'Daniell [("Alberta")[3]] located at 728 Noble Street, Norristown, in Montgomery County. After arriving on the scene 2-3 minutes later, Ofc. Bixler observed [Doyle] walking south on Noble Street. Upon investigation, the officers learned that [Doyle] had gone uninvited and unannounced in the middle of the night to the home where his ex-girlfriend, Jennifer O'Daniell [("Jennifer"),] resided to, as he claimed, retrieve some of his personal belongings. Once detained for investigation, he admitted entering the darkened first floor of the home, after pushing the front door open, and then proceeding upstairs to the 3rd floor attic bedroom where [Jennifer], lying in bed, was terrified and immediately screamed and called 911 upon seeing him. [Doyle] was subsequently taken into custody.

Trial Ct. Op., 7/23/21, at 1-2 (footnotes omitted).

At Doyle's non-jury trial, in February 2020, Alberta testified that about a month before the incident, Doyle came to her house looking for Jennifer. She said that she told Doyle that he could not be there, and specifically told him, "[D]on't ever walk in my house again." N.T. Trial, 2/14/20, at 60. She further testified that she never gave him permission to come in the middle of the night and pick up his clothing. *See id.* at 62.

The court found Doyle guilty of Criminal Trespass as a felony of the third degree. On March 25, 2021, the court sentenced Doyle to time served to 23 months. The court denied Doyle's post-sentence motion, and this timely appeal followed.

Doyle raises three issues on appeal.

    I.    Did the lower court err in admitting prior bad acts where the Commonwealth failed to provide adequate notice of the

---

[3] Because they have the same surname, to minimize confusion, we refer to Alberta O'Daniell and Jennifer O'Daniell by their first names.

prior acts as required by Pa.R.E. 404(b) and instead filed a boilerplate 404(b) motion that gave [Doyle] no notice of the acts the Commonwealth was seeking to admit?

II. Did the lower court err in admitting prior bad acts, namely, the alleged theft of items from the complainant's previous residence, crude remarks to the complainant indicating her, "eggs were all dried up," and claims by [Doyle] that he was God when these acts were completely irrelevant to the charges in question and painted [Doyle] in an unfavorable light?

III. Was the evidence insufficient to sustain [Doyle's] conviction since the Commonwealth failed to establish [Doyle] knew he was not licensed to enter the property since he had previously stayed there and was merely entering to obtain his personal items?

Doyle's Br. at 3.

In his first two issues, Doyle claims that the trial court erred by admitting evidence of prior bad acts. *See id.* at 12-17. The admissibility of evidence is vested in the discretion of the trial court. We review such admission for an abuse of discretion. *See Commonwealth v. Elliott*, 80 A.3d 415, 446 (Pa. 2013).

Before reaching the merits of these issues, we must consider whether, as the trial court stated, Doyle waived his claims concerning the admission of prior bad acts evidence by failing to object to the introduction of such evidence at trial. *See* Trial Ct. Op. at 4-5.

Issues that were not raised before the trial court are waived on appeal. *See* Pa.R.A.P. 302(a). "It is axiomatic that issues are preserved when objections are made timely to the error or offense." *Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008); *see also Commonwealth v.*

- 3 -

*Rodriguez*, 174 A.3d 1130, 1145 (Pa.Super. 2017) ("'The absence of a contemporaneous objection below constitutes a waiver' of the claim on appeal") (quoting *Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008)).

In the instant case, the Commonwealth moved *in limine* to admit testimony from Jennifer concerning "prior incidents between [Doyle] and herself [as] a part of the complete story of the incident." Motion, 12/9/19, at ¶ 4. The court heard argument on the motion prior to trial. There, the prosecutor explained the specific acts it sought to admit as follows:

> Prior to this incident, and sometime after January of 2019 but before March when this incident happened, [Doyle] had previously tried to enter this home without permission and was asked to leave by one of the people in the home. And that, in addition, [Jennifer] would offer testimony that the relationship was over, she was afraid of him, and that he had been verbally abusive to her.

N.T. Trial at 6.

Defense counsel objected, claiming that none of the specific bad acts were placed in the Commonwealth's motion. He explained that because he was just hearing about them today, he had not been given fair notice and had no opportunity to defend against them. *See id.* at 7.

The court then explained:

> I don't even know that—I don't know if it falls within the category of 404(b) evidence. It just sounds like[] to me that it's the background and the history that relates to a trespass case, in my mind. I guess it's just really prior communication, in terms of whether or not the defendant was put on notice that he was not permitted to enter into this premises and/or had an intent to do

so. It seems like to me that it's—and if it's a bench trial, I think I could sort through it.

*Id.* at 9. It stated that it was not going to rule on the motion but suggested that defense counsel could object to any testimony elicited that he thought was objectional. *See id.* at 10.

However, when the Commonwealth presented the disputed testimony during trial, defense counsel did not object. At trial, Jennifer testified that Doyle had told her that she would not get pregnant if they had sex because her eggs were all dried up, he was God, and she was pregnant with the next Jesus. *See id.* at 27, 43, 48. Counsel lodged no objection. Nor did counsel object to Jennifer's description of the past relationship. Defense counsel also did not object when Alberta testified that on a previous occasion Doyle had come to her house and she asked him to leave and not return to her house. *See id.* at 59-60.

Accordingly, because Doyle did not lodge a contemporaneous objection to the bad acts testimony that he now challenges, he has waived this issue on appeal. *See Baumhammers*, 960 A.2d at 73.

In his final issue, Doyle challenges the sufficiency of the evidence to support his criminal trespass conviction. He claims that because he reasonably believed that he had been given permission to go to the residence to get his belongings, the Commonwealth failed to establish the requisite intent for criminal trespass. *See* Doyle's Br. at 19.

When reviewing a challenge to the sufficiency of the evidence, our standard of review is *de novo*, while "our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014).

> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa.Super. 2014) (quoting

***Commonwealth v. Estepp***, 17 A.3d 939, 943–44 (Pa.Super. 2011)).

To establish a violation of the subsection of the Criminal Trespass under which Doyle was prosecuted, Section 3503(a)(1)(i), the Commonwealth must prove that the defendant gained entry to a building or occupied structure,

knowing that he was not privileged to do so. **See** 18 Pa.C.S.A. § 3503(a)(1)(i).[4]

Here, it is not disputed that Doyle entered Alberta's residence. Hence, the only question is whether he knew that he was not privileged to do so. Viewed in the light most favorable to the Commonwealth, as verdict winner, the evidence at trial established that Alberta did not give Doyle permission to come to her house. The trial court as factfinder was free to believe Alberta's testimony that she specifically told Doyle, "[D]on't ever walk in my house again." N.T. Trial at 60; **see id.** at 59-62. Accordingly, we conclude that the evidence sufficiently proved that Doyle entered Alberta's residence, knowing that he was not privileged to do so. Doyle's challenge to the sufficiency of the evidence is meritless.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2022

---

[4] Doyle was convicted of criminal trespass under Section 3503(a)(1)(i), which is graded as a felony of the third degree. Therefore, the Commonwealth was not required to establish that he "broke into" the structure, which would have been required had he been convicted under Section 3503(a)(1)(ii). Accordingly, although both the trial court and the Commonwealth discussed whether Doyle broke into the house, the Commonwealth was not required to establish that element for his conviction.